UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIDGETT BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHNSON & JOHNSON, et al.,<br><br>    Defendants. | Case No. 25-cv-04318-AMO<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 37 |
| ELIZABETH DAWSON,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHNSON & JOHNSON, et al.,<br><br>    Defendants. | Related Case No. 25-cv-04630-AMO<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 18 |

Plaintiff Bridgett Brown's and Plaintiff Elizabeth Dawson's motions to remand were heard before this Court on October 30, 2025. Having read the parties' papers and carefully considered their arguments therein and those made at the hearing, as well as the relevant legal authority, and good cause appearing, the Court hereby grants the motions to remand, for the following reasons.

## BACKGROUND

*Brown* and *Dawson* are related cases. Plaintiffs each filed suit in state court alleging they were prescribed medications that caused them to develop breast cancer. *Brown* Dkt. No. 1-1 ("*Brown* Compl.") ¶ 1; *Dawson* Dkt. No. 1-1 ("*Dawson* Compl.") ¶ 1. Defendants Johnson & Johnson, Janssen Pharmaceuticals, Inc., Janssen Research & Development LLC, and Eli Lilly and

1  Company[1] ("Drug Maker Defendants") removed the actions to the Northern District of California. *Id.* Each Plaintiff filed a motion to remand in their respective case. *See Brown* Dkt. No. 37; *Dawson* Dkt. No. 18.

Plaintiffs argue this Court lacks subject matter jurisdiction over the cases because neither federal question jurisdiction nor diversity jurisdiction exist. *Id.* Drug Maker Defendants argue that diversity jurisdiction exists under 28 U.S.C. § 1332(a) because, although Plaintiffs and Defendant Kaiser Permanente International are both citizens of California, Kaiser Permanente International is a fraudulent defendant and should be disregarded. *See Brown* Dkt. No. 42 at 11; *Dawson* Dkt. No. 18 at 11.

## LEGAL STANDARD

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Diversity jurisdiction "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Id.* "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Philip Morris USA*, 582 F.3d at 1044).

"If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). However, "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state

---
[1] Eli Lilly and Company is only a Defendant in the *Brown* action.

2

1  court." *Grancare*, 889 F.3d at 548 (emphasis in original) (quoting *Hunter*, 582 F.3d at 1046). "A
2  defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a
3  'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Id.*
4  (alteration in original).

5         The test for fraudulent joinder is not whether a claim against the in-state defendant is
6  plausible, rather, the question is whether defendants have demonstrated that plaintiff "could not
7  possibly prevail on her claims against the allegedly fraudulently joined defendant." *Id.* "The
8  district court must consider . . . whether a deficiency in the complaint can possibly be cured by
9  granting the plaintiff leave to amend." *Id.* at 550. Where doubt exists regarding the right to
10 remove an action, it should be resolved in favor of remand to state court. *See Matheson v.*
11 *Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## DISCUSSION

13        Plaintiffs have moved to remand their cases to state court, *Brown* Dkt. No. 37; *Dawson*
14 Dkt. No. 18, while Drug Maker Defendants contend the Court has jurisdiction over these matters
15 because Plaintiffs have fraudulently joined Kaiser Permanente International, *Brown* Dkt. No. 42;
16 *Dawson* Dkt. No. 23. For remand to be unwarranted, Drug Maker Defendants have the burden of
17 showing that Plaintiffs "could not possibly" recover against Kaiser Permanente International.[2] *See*
18 *Knutson v. Stericycle, Inc.*, No. 24-CV-05219-JD, 2025 WL 520874, at *2 (N.D. Cal. Feb. 18,
19 2025). Plaintiffs allege claims against Kaiser Permanente International for: (1) strict products
20 liability – failure to warn, (2) general negligence, and (3) negligence – failure to warn. *Brown*
21 Dkt. No. 1-1 ("*Brown* Compl."); *Dawson* Dkt. No. 1-1 ("*Dawson* Compl."). If Plaintiffs can
22 possibly recover against Kaiser Permanente International for any one claim, then Kaiser
23 Permanente International is a proper defendant and remand to state court is required. Only the
24 general negligence claim is examined below because it is dispositive.

25        Drug Maker Defendants argue that Plaintiffs cannot state a claim against Kaiser

---

[2] As discussed *infra*, Kaiser Permanente International, a minor subsidiary of Kaiser Permanente, is currently the only named Kaiser entity in this action. Plaintiffs intend to amend their complaint to add other Kaiser entities. *See Brown* Dkt. No. 74 at 5; *Dawson* Dkt. No. 49 at 5.

1  Permanente International for negligence because Kaiser Permanente International, as a pharmacy,
2  only has one duty to Plaintiffs: to accurately fill a prescription. *Brown* Dkt. No. 42 at 18-19;
3  *Dawson* Dkt No. 23 at 18-19.[3] This argument misses the mark. Plaintiffs' claims against Kaiser
4  Permanente International are not limited to its role as a pharmacy. *Brown* Dkt. No. 44 at 6;
5  *Dawson* Dkt. No. 27 at 9. "Plaintiff[s] [were] also insured by Kaiser, treated by Kaiser, and
6  Kaiser sold and distributed the drugs Plaintiff[s] took." *Id.* Each Plaintiff alleges, "Defendants
7  [including Kaiser Permanente International] were engaged in the business of design, development,
8  manufacturing, testing, advertising, marketing, promotion, labeling, warnings given, distribution,
9  sale, and/or post marketing safety monitoring of Defendants' Drugs[.]" *Brown* Compl. ¶ 123;
10 *Dawson* Compl. ¶ 115.

As other courts in this District have recognized, "Kaiser is an integrated managed care consortium that operates medical facilities, employs health care providers, and distributes a variety of medical services. In this capacity, Kaiser sells medical insurance plans to both individuals and employers and regulates which prescription drugs and services should be included in said coverage." *Borreani v. Kaiser Found. Hosps.*, 875 F. Supp. 2d 1050, 1052 (N.D. Cal. 2012). Drug Maker Defendants maintain that Kaiser Permanente International is solely a pharmacy, and that different, unnamed Kaiser entities are responsible for providing other patient care.[4] *Brown* Dkt. No. 68-1 at 4-5; *Dawson* Dkt. No. 45-1 at 4-5. Plaintiffs maintain that they can recover against Kaiser Permanente International for negligence, but even if Plaintiffs cannot recover against Kaiser Permanente International, they intend to amend their complaints to add other Kaiser entities. *See Brown* Dkt. No. 74 at 5; *Dawson* Dkt. No. 49 at 5. "The district court must consider .

---

[3] Drug Maker Defendants further argue that Plaintiffs cannot amend their complaints to state a negligence claim against Kaiser Permanente International because the proper cause of action for asserting that a pharmacy adulterated a product is "professional negligence" brought under California's Medical Injury Compensation Reform Act ("MICRA"). *Id.* Drug Maker Defendants contend that amendment would be futile because Plaintiffs have not met the pre-suit requirements under MICRA. *Id.* Because the Court finds that Plaintiffs can potentially state claims against Kaiser Permanente International for conduct other than as a pharmacy, this argument is of no moment.

[4] Drug Maker Defendants seek leave to file sur-replies to raise this argument. *Brown* Dkt. No. 68-1; *Dawson* Dkt. No. 45-1. The Court GRANTS Drug Maker Defendants' motions for leave.

. . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 550. Drug Maker Defendants do not contest that the other Kaiser entities are also citizens of California, and they advance no authority for their assertion that an insurer, treatment provider, or distributor cannot be held liable for negligence. Drug Maker Defendants have not met their burden of establishing that Plaintiffs cannot possibly state a cause of action against Kaiser Permanente International or another Kaiser entity "and the failure is obvious according to the settled rules of the state[.]" *Mercado*, 340 F.3d at 826 (quoting *McCabe*, 811 F.2d at 1339).

Because Drug Maker Defendants have failed to carry their burden of showing that Plaintiffs could not possibly recover for negligence, the Court need not consider the merits of the other two causes of action. *See Hunter*, 582 F.3d at 1042. Kaiser Permanente International is not a fraudulent defendant, and diversity jurisdiction does not exist because Kaiser Permanente International and Plaintiffs are all citizens of California. 28 U.S.C. § 1332(a). This Court does not have jurisdiction over these cases.

Finally, Plaintiff Dawson argues she should be awarded attorney's fees in connection with this motion because the removal "lacked an objectively reasonable basis[.]" *Dawson* Dkt. No. 18 at 15; *Iron Workers Mid-South Pension Fund v. Terraform Global, Inc.*, No. 15-cv-6328-BLF, 2016 WL 827374, at *5 (N.D. Cal., Mar. 3, 2016) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 131, 141 (2005) (granting attorney's fees and costs, noting that removing defendants have litigated the exact issue in the Northern District of California three times over the past four years.)). It was not objectively unreasonable for Drug Maker Defendants to assert fraudulent joinder on the premise that Kaiser Permanente International is a pharmacy. Drug Maker Defendants' argument that pharmacies cannot be held liable under the three causes of action in this case is based in law, and there remains a dispute between the parties as to whether Kaiser Permanente International provides non-pharmaceutical services. Thus, the Court declines to award attorney's fees to Plaintiff Dawson.

## CONCLUSION

For the reasons stated above, Plaintiffs' motions to remand are **GRANTED**, and Dawson's

motion for attorney's fees is **DENIED**. All other pending motions are **DENIED AS MOOT**, without prejudice to raising these arguments upon remand. The Court directs the Clerk of Court to transmit the files in these matters back to the Alameda County Superior Court and close the files in this Court. No motions shall be left pending.

**IT IS SO ORDERED.**

Dated: November 24, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**